IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES HENRY SIMPSON,

    Plaintiff,

v.                                      Civil Action No. 3:17CV768

THOMAS B. HOOVER, *et al.*,

    Defendants.

## MEMORANDUM OPINION

James Henry Simpson, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on April 20, 2018, the Court directed Plaintiff to file a Particularized Complaint. (ECF No. 9.) Plaintiff filed a Particularized Complaint. (ECF No. 10.) The matter is now before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, Simpson's claims and the action will be dismissed as moot.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly,

while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SIMPSON'S CLAIM FOR RELIEF IS MOOT

Simpson was arrested on November 29, 2016 and a jury sitting in the Circuit Court for the City of Richmond convicted him of possession with intent to distribute heroin and possession of a firearm in the furtherance of a drug trafficking crime on September 29, 2017.[1] In a lengthy and rambling Particularized Complaint, Simpson alleges that the named Defendants[2] committed various errors related to his criminal investigation and criminal proceedings. (Part. Compl. 1–22.)[3] As his only relief, Simpson demands injunctive relief in the form of moving his "entire state case[] to the federal courts to ensure that I receive a fair trial." (*Id.* at 22.)

"Because the requirement of a continuing case or controversy stems from the Constitution, it may not be ignored for convenience's sake." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (citing *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920)). "[F]ederal courts have 'no authority to give opinions upon moot questions or abstract

---

[1] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Richmond City Circuit Court" from drop-down menu and follow "Begin" button; type "Simpson, James," and then follow "Search by Name" button; then follow hyperlinks for "CR17F00395-00," "CR17F000396-00").

[2] The named Defendants are: Circuit Court Judge Thomas B. Hoover; Supreme Court of Virginia Chief Justice Donald Lemons; Joshua Boyles, Richmond City Commonwealth's Attorney; Officer Michael Poerstel of the Richmond City Police; and court-appointed defense attorney Melvin Todd.

[3] The Court utilizes the pagination assigned to Simpson's Particularized Complaint by the CM/ECF docketing system. The Court corrects the spelling and punctuation in quotations from Simpson's Particularized Complaint.

3

propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). In this regard, "[t]he requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence." *Id.* (omission in original) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). The record establishes that Simpson had been tried, convicted, and sentenced by the time he initiated this civil action. *See supra* n.1. Thus, the requested relief Simpson seeks, in the form of moving his "entire state case[] to the federal courts to ensure that I receive a fair trial" (Part. Compl. 22), can no longer be given. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.") Thus, Simpson's claim for injunctive relief and the action is moot. Accordingly, the action will be DISMISSED as MOOT.

### III. CONCLUSION

For the foregoing reasons, Simpson's claim for injunctive relief and the action will be DISMISSED AS MOOT. Plaintiff's Motions to Object to the Content of Transcripts (ECF Nos. 11, 13) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/19/18
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

4